# EXHIBIT "C"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MERRILL LYNCH PIERCE FENNER<br>& SMITH INCORPORATED<br><br>Petitioner,<br><br>v.<br><br>IAN S. PHILLIPS,<br><br>Respondent. | )<br>)<br>)   CIVIL ACTION NO.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   DECEMBER 22, 2005<br>) |

**PETITION FOR CONFIRMATION
OF ARBITRATION PANEL'S FINAL AWARD**

Petitioner Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), by its attorneys, hereby petitions this Court to confirm the final award rendered by an NASD Dispute Resolution, Inc. arbitration panel on August 18, 2005. In support hereof, Merrill Lynch respectfully states as follows:

**Nature of the Action**

1.   This is an action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("Arbitration Act"), to confirm an arbitration award entered on August 18, 2005 (the "Award"). Merrill Lynch was one of two respondents in the arbitration, brought by Ian S. Phillips ("Phillips"). The Award dismissed Phillips' claims against Merrill Lynch in their entirety on statute of limitations grounds, and pursuant to the Arbitration Act, Merrill Lynch hereby seeks confirmation of the Award and judgment entered accordingly.

CTDOCS/1638118.1

### The Parties, Jurisdiction, and Venue

2.      Petitioner Merrill Lynch is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 4 World Financial Center, North Tower Fl 12, New York NY 10080.

3.      Upon information and belief, Respondent Ian S. Phillips is an individual residing at 58 Otter Cove Drive, Old Saybrook, CT 06475.

4.      Phillips sought over $5.9 million in actual damages in the underlying arbitration.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship and under the Arbitration Act.

6.      In addition, Phillips raised claims under Section 10(b) of the Securities Exchange Act of 1934, and accordingly, there is federal question jurisdiction.

7.      Venue is proper in this District under 9 U.S.C. § 9 of the Arbitration Act in that the arbitration award at issue was made within this District.

### Facts

8.      On May 25, 1999, Phillips opened an account with Merrill Lynch and signed a Cash Management Account Application And Agreement which contained an agreement to arbitrate all controversies with Merrill Lynch. A copy of the Cash Management Account Application and Agreement is attached hereto as Exhibit A.

9.      On or about January 19, 2005, Phillips submitted to the NASD a written agreement for arbitration (a "**Submission Agreement**"), copies of which are attached as Exhibit

B to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition.

10. Subsequent to filing of the Submission Agreement, Phillips commenced the arbitration by filing a Statement of Claim with NASD Dispute Resolution against Merrill Lynch and Round Hill Securities, in January, 2005. A copy of the Statement of Claim is attached as Exhibit C to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition. The arbitration was commenced in Connecticut. *See* Affidavit of Dimitri Nemirovsky ¶ 4. The Statement of Claim asserts as to Merrill Lynch claims under the Connecticut Uniform Securities Act, federal securities laws, and common law tort claims for breach of fiduciary duty, contract, fraud and negligence. All of Phillips' claims against Merrill Lynch arose and accrued during the period between May 1999 and May 2000.

11. On or about April 4, 2005 Merrill Lynch submitted its answer and affirmative defenses to the Statement of Claim (the "**Answer**"), a copy of which is attached as Exhibit D to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition. Merrill Lynch answered the Statement of Claim by denying all allegations and claims against it, and asserted numerous affirmative defenses, including the defense of the statute of limitations.

12. With its Answer, Merrill Lynch submitted a Submission Agreement, a copy of which is attached as Exhibit E to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition.

13.     Thereafter, on April 26, 2005, the NASD appointed a three-arbitrator panel to hear the matter, consisting of Jay F. Donnaruma, Industry Specialist, John R. Thompson, Public Panelist and John A. Seller, Public Panelist, Chair (the "**Panel**"). The Panel's location for purposes of the arbitration was Hartford, Connecticut. See Affidavit of Dimitri Nemirovsky, Exhibit F.

14.     NASD Code of Arbitration Rule 10304 clearly states that, in order to be eligible for arbitration, a claim must be submitted within six years, but that "[t]his rule shall not extend applicable statutes of limitations . . . ."

15.     As set forth in the accompanying Memorandum of Law, all of the claims were time-barred.

16.     On or about May 18, 2005 Merrill Lynch filed its Motion To Dismiss Untimely Allegations, seeking dismissal of the Statement of Claim as to Merrill Lynch on statutes of limitations grounds, a copy of which is attached as Exhibit G to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition. Hearings were scheduled in Hartford, Connecticut. See Affidavit of Dimitri Nemirovsky, Exhibit H.

17.     On or about July 15, 2005 Phillips filed his Response to Merrill Lynch's Motion to Dismiss, a copy of which is attached as Exhibit I to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition.

18. On or about July 19, 2005 Merrill Lynch replied to Phillips' Response to the Motion to Dismiss, a copy of which is attached as Exhibit J to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition.

19. On or about August 5, 2005 the full Panel conducted a telephonic hearing on Merrill Lynch's Motion to Dismiss. Both Merrill Lynch and Phillips were represented by counsel, statements were heard, the Panel reviewed the arguments and on the same day denied Merrill Lynch's Motion to Dismiss, as stated in the Panel's order. A copy of the August 5, 2005 order is attached as Exhibit K to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition.

20. On or about August 19, 2005, the NASD gave notice that the Panel had reviewed the NASD Code of Arbitration Procedure and Uniform Code of Arbitration Rule 10304, and "[o]n the basis of that further consideration, the panel [] grants Merrill Lynch's Motion to Dismiss Untimely Allegations." A copy of the notice dated August 18, 2005 issued from the Panel in Connecticut is attached as Exhibit L to the Affidavit of Dimitri Nemirovsky filed with and incorporated by reference into this Petition. Accordingly, Merrill Lynch was dismissed from the arbitration.

21. The arbitration is now closed by NASD. *See* Affidavit of Dimitri Nemirovsky, Exhibit M incorporated by reference into this Petition.

22. 9 U.S.C.A. § 9 provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . then at any time within one year after the award is made any party to the arbitration may apply to the court so

specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

19.     The August 18, 2005 order dismissing Merrill Lynch constitutes a final award resolving all matters and issues submitted for resolution by arbitration between the parties, Merrill Lynch and Phillips, within the meaning of 9 U.S.C.A. § 9.

WHEREFORE, Merrill Lynch prays for the following relief:

1. An order confirming the Panel's Award;

2. The entry of judgment in favor of Merrill Lynch and against Respondent in accordance with the terms of the Award; and

3. Such other and further relief as the Court deems just and proper.

        PETITIONER,
        MERRILL LYNCH, PIERCE,
        FENNER & SMITH INCORPORATED


By: /s/ Michael D. Blanchard
    Michael D. Blanchard (ct25891)
    BINGHAM McCUTCHEN LLP
    One State Street
    Hartford, CT  06103-3178
    (860) 240-2700
    michael.blanchard@bingham.com

Of Counsel:

Timothy Burke
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000
timothy.burke@bingham.com

Dimitri Nemirovsky
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022-4689
(212) 705-7000
dimitri.nemirovsky@bingham.com

Its Attorneys